IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RSS JPMCC2017-JP6 - GA P2L, LLC, a Georgia limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PR 2012 LLC, a Delaware limited liability company and G & PR 2012 LLC, a Delaware limited liability company.<br><br>Defendants. | Civil No.<br><br>Re:<br><br>FORECLOSURE OF MORTGAGES AND OTHER COLLATERAL |

**COMPLAINT FOR FORECLOSURE OF MORTGAGES AND OTHER COLLATERAL**

RSS JPMCC2017-JP6 - GA P2L, LLC ("Plaintiff" or "Lender"), through its undersigned counsel, hereby files the foregoing complaint for foreclosure of mortgages and other collateral against PR 2012 LLC and G & PR 2012 LLC (collectively, "Defendant" or "Borrower"), and states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the present civil action pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and arises between citizens of different states.

2. Venue in this Court is proper under 28 U.S.C. §1391(b) because the events and omissions occurred, or a substantial part of property that is the subject of the action is within the District of Puerto Rico (the "District").

## II. THE PARTIES

3. Plaintiff is a limited liability company, organized and existing pursuant to the laws of Georgia with an address of c/o Rialto Capital Advisors, LLC, 200 S. Biscayne Boulevard, Suite

1

3550, Miami, Florida 33131. Plaintiff is filing this suit in its capacity as holder of the Mortgage Notes and Deeds of Mortgage (each as defined more specifically below). Plaintiff's sole member is Wells Fargo Bank, National Association, as Trustee of the Benefit of the Registered Holders of JPMCC Commercial Mortgage Securities Trust 2017-JP6, Commercial Mortgage Pass-Through Certificates, Series 2017-JP6 (the "Trust"). Wells Fargo Bank, National Association is a national banking association with a principal place of business located at 420 Montgomery Street, San Francisco, California, 94104-1298. Neither Plaintiff nor the Trust are publicly-traded entities.

4. Defendant PR 2012 LLC is a Delaware limited liability company. Its sole member is the 2012 Irrevocable Trust FBO Descendants of Miriam Cohen (the "2012 Irrevocable Trust").

5. Defendant G & PR 2012 LLC is a Delaware limited liability company. Its sole member is the 2012 Irrevocable Trust.

6. The 2012 Irrevocable Trust is a generation skipping trust and there are no beneficiaries. Its trustees are Yehuda Cohen, Joseph Cohen and Ilan Cohen. Yehuda Cohen and Joseph Cohen are natural persons of legal age who reside at 12419 Metropolitan Avenue, Kew Gardens, NY 11415-2711, and are otherwise residents of New York. Ilan Cohen is a natural person of legal age who resides at 80 Dickenson Place, Great Neck, New York 11023-1927, and is otherwise a resident of New York.

### III.   FACTUAL BACKGROUND

a. **Loan Agreement**

7. Borrower and Benefit Street Partners CRE Finance LLC ("Original Lender") entered into a *Loan Agreement* dated as of April 7, 2017 (the "Loan Agreement"), pursuant to which Original Lender agreed to and made a $20,000,000.00 loan to Borrower (the "Loan") for the purchase of multiple commercial properties, two of which are located in this District. One

property is located at State Road 165 and State Road 24, Guaynabo, Puerto Rico (the "Guaynabo Property") and the other one is located at State Road 190 and Campo Rico Avenue, Carolina, Puerto Rico (the "Carolina Property" and together with the Guaynabo Property, the "Real Properties"). A copy of the Loan Agreement is attached hereto as **Exhibit A**. Borrower's loan repayment obligations under the Loan Agreement were evidenced pursuant to the terms of a Promissory Note in the amount of $20,000,000 executed on April 7, 2017 by Borrower and payable to the order of Original Lender (hereinafter the "Promissory Note"). A copy of the Promissory Note duly endorsed in favor of the Plaintiff is attached hereto as **Exhibit B**.

      b.  **Collateral related to the Loan Agreement**

    8.      The Loan Agreement was secured by, among other collateral documents, the grant of a pledge and security interest, pursuant to the terms of a Mortgage Note Pledge and Security Agreement entered into as of April 7, 2017 by and between the Original Lender and the Borrower (hereinafter the "Pledge and Security Agreement") over the following mortgage notes: (i) Mortgage Note payable to the bearer, in the principal amount of $8,550,000.00, with interest thereon at the rate of twelve percent (12%) per annum, due on demand, authenticated under affidavit number 7,371 of Notary Public Pedro Morell Losada (the "Mortgage Note I"); and (ii) Mortgage Note payable to the bearer, in the principal amount of $8,062,500.00, with interest thereon at the rate of twelve percent (12%) per annum, due on demand, authenticated under affidavit number 7,372 of Notary Public Pedro Morell Lozada (the "Mortgage Note II"). A true and correct copy of the Pledge and Security Agreement is attached hereto as **Exhibit C**. True and correct copies of Mortgage Note I and Mortgage Note II (collectively, the ("Mortgage Notes") are attached hereto as **Exhibits D and E**, respectively.

    9.      The Mortgage Note I is secured by the Deed of Mortgage Number 4 (the "Deed of

Mortgage I") executed by PR 2012 LLC on April 7, 2017, before Notary Public Pedro Morell Losada, in the principal amount of $8,550,000.00, constituted over property number 41,601, recorded in the Karibe system of the First Section of Carolina of the Registry of the Property of Puerto Rico, eighth inscription. A true and correct copy of Deed of Mortgage I is attached hereto as **Exhibit F**.

10. Mortgage Note II is secured by the Deed of Mortgage Number 5 (the "<u>Deed of Mortgage II</u>", and together with Mortgage Deed I, the "<u>Deeds of Mortgage</u>") executed by G & PR 2012 LLC on April 7, 2017, before Notary Public Pedro Morell Losada, in the principal amount of $8,062,500.00, constituted over property number 40,508, recorded in the Karibe system of the Guaynabo Section of the Registry of the Property of Puerto Rico, eleventh inscription. A true and correct copy of Deed of Mortgage II is attached hereto as **Exhibit G**.

11. The legal description of the Guaynabo Property, as recorded in the Registry of Property in the Spanish language, is the following:

> "**RÚSTICA:** Predio de terreno radicado en el Sector Sabana, Barrio Pueblo Viejo de Guaynabo, Puerto Rico, con un área superficial de siete mil seiscientos sesenta y dos punto ocho mil trescientos seis (7,662.8306) metros cuadrados, equivalentes a uno punto nueve mil cuatrocientos noventa y siete (1.9497) cuerdas. En colindancias por el NORTE, en ciento cincuenta y cuatro punto setecientos quince (154.715) metros lineales, con rampa de acceso a la Carretera PR Ciento Sesenta y Cinco (PR-165), Emilio Medina Ruiz, Manuel Sierra Maysonet, Luis Marrero, Alejandro Alvarez Peñas, Autoridad sobre Hogares, Mariano Jiménez Oralle y la Sucesión del doctor Manuel García Estrada; por el SUR, en cuarenta y nueve punto tres mil cuatrocientos treinta y nueve (49.3439) metros lineales, con la carretera PR Veinticuatro (PR-24); por el ESTE, en setenta y seis punto tres mil quinientos catorce (76.3514) metros lineales, con la carretera PR Veinticuatro (PR-24), también conocida por la Avenida Ponce de León; y por el OESTE, en ciento ochenta y seis punto ocho mil cuarenta y cuatro (186.8044) metros lineales con la rampa de acceso a la carretera PR Ciento Sesenta y Cinco (PR-165)."
>
> This Guaynabo Property is recorded in the Registry of the Property of Guaynabo at page 260 of volume 1160, property no. 40,508.

12. The legal description of the Carolina Property, as recorded in the Registry of Property in the Spanish language, is the following:

> "URBANA: Lote designado como "Parcel No. 1" en el plano de inscripción para la lotificación de la "Plazoleta La Cerámica", propiedad de TSCPR Family Partnership número siete (7) LTD., S.E. en el barrio Sabana Abajo de Carolina, con un área de seis mil setecientos sesenta y seis punto cuatro mil seiscientos treinta y ocho (6,766.4638) metros cuadrados. Colinda por el Norte, con la Avenida Campo Rico; por el Sur, con propiedad privada que en su momento perteneció a la Sucesión Boultran; por el Este, con los lotes designados como parcelas número dos (2) y número tres (3) del mencionado plano de inscripción; y por el Oeste, con la carretera estatal PR- 190."
>
> This Carolina Property is recorded as property number 41,601 at the Karibe system of the First Section Carolina of the Property Registry of Puerto Rico.

13. In addition to Borrower granting a mortgage interest in the Real Properties, the Deeds of Mortgage created a security interest in the fixture filings and personal property described therein.

14. The leases entered into by the Borrower in connection with each of the Real Properties were assigned to the Original Lender, in conjunction with the rents payable under each of said leases, pursuant to the terms of an Assignment of Leases and Rents entered into as of April seven (7), two thousand seventeen (2017) (the "Assignment of Leases and Rents"). A copy of the Assignment of Leases and Rents is attached hereto as **Exhibit H**.

15. The Loan Agreement, the Promissory Note, Mortgage Notes, Pledge and Security Agreement, Deeds of Mortgage, the Assignment of Leases and Rents and all other documents memorializing, securing and/or executed in connection with the Loan are referred to collectively as the "Loan Documents".

    c. **Assignments of the Loan Documents**

        **(i)     Assignment to BSPCC SUB-LENDER II LLC**

16. On April 7, 2017, Original Lender assigned the Loan Documents to BSPCC SUB-LENDER II LLC ("Assignee #1") pursuant to a General Assignment and Assumption, a copy of which is attached hereto as **Exhibit I**.

        **(ii)     Assignment back to Original Lender**

17. In June of 2017, Assignee #1 assigned the Loan Documents back to Original Lender pursuant to pursuant to that certain *General Assignment and Assumption* (the "Second Assignment of Loan Documents"). A copy of the Second Assignment of Loan Documents is attached as **Exhibit J.**

        **(iii)     Assignment to Wells Fargo Bank, N.A.**

18. As of June 16, 2017, Original Lender assigned the Loan Documents to Wells Fargo Bank, National Association, as Trustee for the Benefit of the Registered Holders of JPMCC Commercial Mortgage Securities Trust 2017-JP6, Commercial Mortgage Pass-Through Certificates, Series 2017-JP6 (the "Trust") pursuant to that certain *General Assignment and Assumption* (the "Third Assignment of Loan Documents"). A copy of the Third Assignment of Loan Documents is attached as **Exhibit K.**

        **(iv)     Assignment to Plaintiff**

19. As of December 16, 2024, the Trust assigned the Loan Documents to Plaintiff pursuant to that certain *General Assignment* (the "Fourth Assignment of Loan Documents"). A copy of the Fourth Assignment of Loan Documents is attached as **Exhibit L.**

    d. **Defaults under the Loan Documents**

20. Lender is the owner and holder of the Loan Agreement, Mortgage Notes, Deeds of

Mortgage, and all other Loan Documents by virtue of the aforementioned assignments.

21. Borrower is the owner of the Real Properties, as set forth in the attached title searches identified as **Exhibits M** and **N**.

22. Pursuant to the Loan Agreement, Borrower is required to make monthly payments ("Monthly Debt Service Payment") on the "sixth (6th) day of every calendar month" during the term of the Loan. See Exhibit A, p. 19 and § 2.6.

23. In addition, the Borrower is required to make on the sixth of each month a Monthly Tax Deposit, a Monthly Insurance Deposit, a Capital Expenditures Reserve Monthly Deposit, a Leasing Reserve Monthly Deposit, and an Operating Expense Monthly Deposit. See Exhibit A §§ 7.2, 7.3(a), 7.4 (a), 7.5.

24. In accordance with Section 8.1 (a) of the Loan Agreement, a Clearing Account has been established "in the name of the Borrower for the sole and exclusive benefit of Lender into which Borrower shall deposit, or cause to be deposited, all revenue generated by the Property." Simultaneously therewith, Lender, on Borrower's behalf, has established a Cash Management Account in the name of Borrower for the sole and exclusive benefit of Lender and a Debt Service Account with Lender into which Borrower shall deposit, or cause to be deposited, the amounts required for the payment of Debt Service under the Loan. Exhibit A § 8(b).

25. The Loan is secured by five properties owned by the Borrower, including the two Real Properties. These properties are generating Rents that are deposited into the Clearing Account and swept into the Cash Management Account.

26. An Event of Default occurred under the Loan Documents and continues to exist as of the date hereof because Borrower has failed to timely remit to Lender all amounts due in accordance with the terms of the Loan Documents. In particular, there were insufficient funds in

the Cash Management Account to make on April 6, 2025 (i) the Monthly Debt Service Payment and (ii) the required Monthly Insurance Deposit, Monthly Tax Deposit, Capital Expenditures Reserve Monthly Deposit, Leasing Reserve Monthly Deposit, Operating Expense Monthly Deposit (the various deposits are referred to collectively as the "Accounts"), and all monthly payments due thereafter (the "Default").

27. On April 29, 2025, Lender advised Borrower of the Default and provided Borrower an opportunity to cure it. A true and correct copy of the Notice of Default is attached as **Exhibit O**. Borrower failed to cure the Default.

28. The Loan Agreement provides that it is an "Event of Default" if any Monthly Debt Service Payment Amount or any deposit to any of the Accounts required under the Loan Documents are not paid when due. See Exhibit A, § 10.1(a).

29. The Loan Agreement further provides that upon the occurrence of an Event of Default, the outstanding principal balance and all accrued and unpaid interest, shall accrue interest at the Default Rate, calculated from the date such payment was due. See Exhibit A, 2.5 (c).

30. Plaintiff accelerated the Loan by declaring the total unpaid principal balance of the Loan, with accrued interest and expenses, immediately due and payable.

31. Plaintiff exercised its option to declare, and hereby does declare, the total principal balance of the Mortgage Notes, with accrued interest and expenses, immediately due and payable.

32. Accordingly, Borrower remains in default under the Loan Documents and the outstanding balances of the Loan Obligations are now due and payable in full.

33. There is now due and payable on the Promissory Note the unpaid principal balance of is $14,724,575.52, plus regular interest, default interest, late charges, costs, attorneys' fees, expenses and other charges and amounts accruing and imposed pursuant to the Loan Documents,

the total of all of which is referred to herein as the "<u>Indebtedness</u>".

34. Plaintiff, the Trust, Assignee #1, and Original Lender have performed all conditions precedent to Plaintiff's right to enforce the Loan Documents, or the same have occurred, have been performed, or have been waived.

35. Pursuant to Section 15.9 of the Loan Agreement, Plaintiff is entitled to recover its attorneys' fees, costs, charges, and all other expenses from Borrower.

### IV.     CAUSE OF ACTION: FORECLOSURE OF REAL PROPERTIES AND RELATED COLLATERAL

36. Plaintiff incorporates by reference each and every allegation set forth in paragraphs 1 to 36 as if set forth in full below.

37. In the absence of payment in full by Borrower of the Indebtedness, Plaintiff requests from this Honorable Court to order the foreclosure of the Mortgage Notes and Deeds of Mortgage and the sale, by public sale, of the Real Properties and related collateral.

38. In the absence of payment in full by Borrower of the Indebtedness, Plaintiff requests from this Honorable Court to also order the foreclosure of all security interest under the Loan Documents. As a result, thereof, Plaintiff requests that it be allowed to enforce any and all rights or remedies under the Loan Documents contemplated by Section 9 of the Puerto Rico Commercial Transitions Act, Laws of P.R. Ann., Tit. 19 § 2201 *et seq.*

39. The amounts obtained from the foreclosure of the liens over the Real Properties and the other collateral described in the other Loan Documents will be used to satisfy the Indebtedness under the Loan Documents.

**WHEREFORE**, it is respectfully requested that this Honorable Court enter judgment granting Plaintiff and: (i) ordering the foreclosure and public sale of all the Real Properties and all

related collateral for the payment of the Indebtedness; (ii) in the event of a public sale, instructing the Marshall of this Honorable Court to deliver the possession of the sold collateral to the successful bidder(s) within twenty (20) days from the date of such sale; and (iii) granting any other relief at law available to Plaintiff.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 15th day of October 2025.

**WE HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

**O'NEILL & BORGES LLC**
*Attorneys for RSS JPMCC2017-JP6 - GA P2L, LLC*
250 Muñoz Rivera Avenue, Suite 800
San Juan, PR 00918-1813
Tel: (787) 764-8181
Fax: (787) 753-8944

*s/ Gabriel A. Miranda-Rivera*
Gabriel A. Miranda-Rivera
USDC No. 306704
gabriel.miranda@oneillborges.com