**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **RSS JPMCC2017-JP6 – GA P2L, LLC,** *Plaintiff*, **v.** **PR 2012 LLC et al.,** *Defendants*. | Civ. No. 25-1555 (MAJ) |

**OPINION AND ORDER**

### I.    Introduction

This debt-collection action is brought by RSS JPMCC2017-JP6 – GA P2L, LLC ("Plaintiff") against PR 2012 LLC and G & PR 2012 LLC ("Defendants"). (**ECF No. 1**). Before the Court is a Motion for Summary Judgment filed by Plaintiff. (**ECF No. 19**).

On October 15, 2025, Plaintiff filed the Complaint. (**ECF No. 1**). Defendants never responded to the Complaint. As a result, Plaintiff moved for entry of default. (**ECF No. 15**). The Court granted that motion and the clerk entered default against Defendants. (**ECF No. 17**). Several months later, Plaintiff moved for summary judgment. (**ECF No. 19**). Along with the motion, Plaintiff filed a statement of uncontested material facts and a proposed judgment. (**ECF No. 18**); (**ECF No. 20**). The Motion for Summary Judgment is unopposed. (**ECF No. 22**). The Court therefore adopts the facts set forth in 18 "Statement of Uncontested Material Facts" as true. *See* FED. R. CIV. P. 56(e)(2); LOCAL RULE 56(e).[1] Taking those facts to be true, and after a close

---

[1]    A district court has the discretionary authority to declare a motion for summary judgment unopposed where no timely opposition has been filed, and a district court may properly exercise that discretion so long as there is no "unreasoning and arbitrary insistence upon expeditiousness in the face of a justified request for delay." *Alberti v. Carlo-Izquierdo*, 548 Fed. Appx. 625, 630 (1st Cir. 2013) (upholding

review of the motion for summary judgment, the Court concludes that Plaintiff is entitled to Summary Judgment on its claims. *See Sanchez-Figueroa v. Banco Popular de Puerto Rico*, 527 F.3d 209, 212 (1st Cir. 2008) ("The entry of a summary judgment motion as unopposed does not automatically give rise to a grant of summary judgment because the district court still must consider the plaintiff's [claims] based on the record properly before the court, viewing the uncontested facts in the light most favorable to the non-moving party.") (internal quotations omitted).

## II.     Findings of Fact

Under Local Rule 56, "A party opposing a motion for summary judgment shall submit with its opposition a separate, short, and concise statement of material facts." Under the Rule, "[u]nless a fact is admitted, the opposing statement shall support each denial or qualification by a record citation[.]" D.P.R. Loc. Civ. R. 56(C). "[C]ompliance with Local Rule 56 is a mandate, not a suggestion." *Ramirez-Rivera v. DeJoy*, 693 F. Supp. 3d 210, 213 (D.P.R. 2023); *see also López-Hernández*, 64 F.4th at 26 ("We have repeatedly emphasized the importance of complying with said local rule and have implored litigants to comply or ignore it 'at their peril.'"). Accordingly, where a fact set forth by the movant has not been properly controverted, it will be deemed admitted. D.P.R. Loc. Civ. R. 56(e) ("The court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.").[2] In this case, Defendants never filed any statement of uncontested material facts, as required

---

district court opinion deeming motion for summary unopposed where non-movant filed an opposition, yet that opposition was marked by "a number of fatal flaws).

[2]     Local Rule 56(c) is also known as the "anti-ferret rule," as it is "intended to protect the district court from perusing through the summary judgment record in search of disputed material facts and prevent litigants from shifting that burden onto the court." *López-Hernández v. Terumo P.R. LLC*, 64 F.4th 22, 26 (1st Cir. 2023).

by Local Rule 56. Where, as here, a party fails to comply with Local Rule 56, "[t]he court [has] no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." D.P.R. LOC. CIV. R. 56(e).

On April 7, 2017, Benefit Street Partners CRE Finance LLC, the original lender to Defendants, (hereinafter the "Original Lender") extended a loan of $20,000,000 to Defendants. (**ECF No. 18 at 1 ¶ 1**). The loan was made for the purchase of multiple commercial properties, two of which are in this District. (**ECF No. 18 at 2 ¶ 2**). One property is located at State Road 165 and State Road 24, Guaynabo, Puerto Rico (the "Guaynabo Property"), and the other one is located at State Road 190 and Campo Rico Avenue, Carolina, Puerto Rico (the "Carolina Property") (collectively the "Real Properties"). (**ECF No. 18 at 2 ¶ 2**). As evidence of the obligation to repay the loan, Defendants made and delivered a promissory note dated as April 7, 2017, in favor of Original Lender. (ECF No. 18 at 2 ¶ **3**). The repayment of the debt was secured by a mortgage recorded on each respective property. (**ECF No. 18 at 2–3 ¶¶ 4–6**). In addition, Defendants conveyed to the Original Lender a security interest in the fixtures, personal property, leases and rents connected to the Real Estate. (**ECF No. 18 at 4 ¶¶ 9–10**).

On June 16, 2017, the Original Lender assigned the loan and all associated security interests to a trust, which in turn conveyed the same to Plaintiff. (**ECF No. 18 at 5 ¶¶ 14–15**).[3] Plaintiff is now the current owner and holder of the loan and the associated security interests. (**ECF No. 18 at 5 ¶ 16**).

---

[3]    Prior to assigning the loan and the associated security interests to the trust, the Original Lender had previously assigned those interests to the entity BSPCC SUB-LENDER II LLC, who in turn later assigned those interests back to the Original Lender. (**ECF No. 18 at 4–5 ¶¶ 12–13**). Since this occurred prior to the assignment of the lease by the Original Lender to the trust that conveyed the interests to Plaintiff, these facts are not material to the instant Opinion and Order.

Civ. No. 25-1555 (MAJ)                                                          Page 4

Pursuant to the Loan Agreement, Defendants are required to make monthly payments on the sixth (6th) day of every calendar month during the term of the Loan. (**ECF No. 18 at 5 ¶ 17**). In addition, Defendants are required to make numerous tax, insurance, and expense related deposits on the sixth (6th) of each month. (**ECF No. 18 at 5 ¶ 18**). Under the loan agreement, failure to make those payments on time constitutes a default. (**ECF No. 18 at 6 ¶ 21**).

Defendants defaulted when they failed to make their monthly payments on April 6, 2025. (**ECF No. 18 at 6 ¶ 22**). On April 29, 2025, Plaintiff advised Defendants of the default and provided an opportunity to cure the default. (**ECF No. 18 at 7 ¶ 24**). Defendants failed to do so. (**ECF No. 18 at 7 ¶ 25**). Under the loan agreement and associated secured transactions, Plaintiff has the right to accelerate the loan by declaring the total amount due on the loan immediately due and payable. (**ECF No. 18 at 7 ¶ 27**). Moreover, the mortgages on the Real Estate expressly provide that, in the event of a default, Plaintiff has the right to institute judicial proceedings for the complete foreclosure of the mortgages and secured interests. (**ECF No. 18 at 7 ¶ 28**). The total amount due to Plaintiff, at the time that Plaintiff moved for summary judgment, is $18,249,819.61, which includes the unpaid principal balance of the loan, interest, late charges, costs, expenses and other charges and amounts accruing and imposed pursuant to the loan agreement. (**ECF No. 18 at 7−8 ¶ 29**). The money owed to Plaintiff continues to accrue interest. (**ECF No. 18 at 8 ¶ 30−31**). In addition, pursuant to the loan agreement, Defendants are obligated to pay the attorneys' fees and costs incurred by Plaintiff in connection with filing this action. (**ECF No. 18 at 9 ¶ 33**). Defendants have not disputed any of these facts, either in the course of this litigation or otherwise. (**ECF No. 18 at 9 ¶ 35**).

Civ. No. 25-1555 (MAJ)                                                           Page 5

### III.    Legal Standard

Summary judgment is appropriate when there is no genuine dispute as to any material fact and only questions of law remain. *White v. Hewlett Packard Enterprise Co.*, 985 F.3d 61, 68 (1st Cir. 2021). "A genuine dispute is one that a reasonable fact-finder could resolve in favor of either party[.]" *Flood v. Bank of Am. Corp.*, 780 F.3d 1, 7 (1st Cir. 2015). "A fact is material if it has the potential of affecting the outcome of the case[.]" *Taite v. Bridgewater State Univ., Bd. of Trs.*, 999 F.3d 86, 93 (1st Cir. 2021) (internal quotations and citations omitted).

"The party moving for summary judgment bears the initial burden of showing that no genuine issue of material fact exists." *Feliciano-Muñoz v. Rebarber-Ocasio*, 970 F.3d 53, 62 (1st Cir. 2020) (citation omitted). In opposing a motion for summary judgment, the non-movant "bears the burden of producing specific facts sufficient to" defeat summary judgment. *González-Cabán v. JR Seafood Inc.*, 48 F.4th 10, 14 (1st Cir. 2022) (internal quotations and citation omitted). The Court "must take the evidence in the light most flattering to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 6 (1st Cir. 2003). In addition, the Court will "not engage making credibility determinations or weighing the evidence at the summary judgment stage[.]" *Pina v. Children's Place*, 740 F.3d 785, 802 (1st Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Even where a summary judgment motion is unopposed, "the district court must still consider the [claims] based on the record properly before the court, viewing the uncontested facts in the light most favorable to the non-moving party[,]" that is, here, in a light most favorable Defendants. *Sanchez-Figueroa*, 527 F.3d at 212; *see also Espacio*

Civ. No. 25-1555 (MAJ)                                                                Page 6

*Residential, LLC v. Gómez-Sánchez*, Civ. No. 16-2349, 2023 WL 3548974, at *2 (D.P.R. May 18, 2023).

### IV.    Analysis

A mortgage creditor may bring three types of suits to collect a debt: (1) a summary foreclosure proceeding, (2) a civil foreclosure proceeding or (3) an ordinary suit for collection of monies. *See* 30 L.P.R.A. § 6131 *et seq*. In the instant case, Plaintiff brings an action for foreclosure of collateral. (**ECF No. 1 at 9 ¶¶ 36–39**). Specifically, Plaintiff requests that the Court order the foreclosure of the mortgage notes and deeds of mortgage and the public sale of the Real Property and related collateral, (**ECF No. 1 at 9 ¶ 37**), as well as order the foreclosure of all security interests under the loan agreement. (**ECF No. 1 at 9 ¶ 38**).

After a thorough review of the Motion for Summary Judgment, viewing the facts in a light most favorable to Defendants, it is undisputed that Defendants breached the loan agreement by failing to make repayments on the outstanding debt. (**ECF No. 18 at 6 ¶ 22, 7 ¶¶ 24–25**); *see MMG PRCI CFL, LLC. v. BMF, Inc.*, Civ. No. 19-1461, 2023 WL 387605, at *4 (D.P.R. Jan. 25, 2023) (upon review of an unopposed motion for summary judgment, "the district court still must . . . [view] the uncontested facts in the light most favorable to the non-moving party") (internal quotations and citations omitted). Under the terms of the loan agreement, Plaintiff has the right to foreclose on the collateral to the loan. (**ECF No. 18 at 7 ¶ 27**). The validity of the loan agreement is not in dispute. *See generally* (**ECF No. 18**). The amount owed by Defendants on the loan is not in dispute, (**ECF No. 18 at 7–8 ¶¶ 29–31, 9 ¶ 33**), nor is the validity of the related agreements collateralizing the real property at issue, (**ECF No. 18 at 2–3 ¶¶ 3–6**), nor is there any

Civ. No. 25-1555 (MAJ)                                                          Page 7

apparent defect to the title to the Real Property, (**ECF No. 18 at 3-4 ¶¶ 7−8**). Accordingly, Plaintiff is entitled to summary judgment.

### V.    Conclusion

For the reasons set forth above, the Court finds that summary judgment is warranted. Based on the undisputed record, a final judgment of foreclosure is hereby entered in favor of Plaintiff against Defendants. The Court finds that Plaintiff is entitled to enforce the loan agreement, accelerate the indebtedness, and foreclose the mortgages granted over the Real Estate at issue. As debtors under the mortgage notes and as owners of the Properties, Defendants are adjudged to owe Plaintiff the total sum of $18,249,819.61, consisting of unpaid principal, accrued interest at the note rate and the default rate, late charges, servicing and liquidation fees, interest on advances, property protective advances, and the prepayment premium, less the reserve balance, all as established above. Additional default interest shall continue to accrue through the date of satisfaction at that rate set by the loan agreement. This total indebtedness shall bear post-judgment interest at the rate specified under the loan agreement. If Defendants fail to pay the total indebtedness within ten days of the entry of this Judgment, the Real Estate shall be sold at public auction to the highest bidder, without appraisal and without right of redemption, for the purpose of satisfying the mortgage debt. The foreclosure sale shall be conducted by a Special Master appointed pursuant to Rule 53 of the Federal Rules of Civil Procedure. For that purpose, the Court appoints Joel Ronda as special master. Any party that wishes to be heard on the appointment of Mr. Ronda as special master shall file a motion no later than July 20, 2026. In accordance with Rule 69 of the Federal Rules of Civil Procedure, the foreclosure sale shall be conducted in conformity with all applicable federal statutes and with the laws and procedural rules of the Commonwealth of Puerto

Civ. No. 25-1555 (MAJ)                                                    Page 8

Rico. The sale may take place at the Office of the Clerk of Court, the Office of the United States Marshal for this District, or at another location designated by the Clerk.

Plaintiff is entitled to recover its reasonable attorneys' fees and litigation costs incurred in prosecuting this action. *But see* 30 L.P.R.A. § 6131 (holding that mortgaged assets may not satisfy the attorneys' fees and costs incurred through legal action, except where the mortgage agreement sets forth an agreed upon amount for that purpose) ("Los bienes hipotecados no responden de las costas y honorarios de abogados que se ocasionen por la reclamación judicial salvo que la cantidad convenida para este propósito surja de la escritura de constitución de hipoteca."). Plaintiff may file a motion requesting the determination and award of such fees and costs. The Court retains jurisdiction to enter any further orders necessary to effectuate and enforce this Judgment, including but not limited to orders confirming the sale, issuing writs of possession, awarding attorneys' fees and costs, and granting any supplemental relief warranted under the circumstances.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 3rd day of August, 2026.

                                        */s/ María Antongiorgi-Jordán*
                                        **MARIA ANTONGIORGI-JORDAN**
                                        **UNITED STATES DISTRICT JUDGE**